**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
MIGUEL ELIAS SANCHEZ GALLEGO and
RAYMUNDO VAZQUEZ ANGEL,                                  **16-cv-4631 (AJN)**
*individually and on behalf of others similarly*
*situated,*                                                                        **JOINT PRETRIAL**
                                                                                            **ORDER**
                                                  *Plaintiffs*,

-against-

ADYAR ANANDA BHAVAN CORP. (d/b/a
ADYAR ANANDA BHAVAN), ANITHA
GOUNDER and SUTHAN GOUNDER,.
                                                  *Defendants.*
----------------------------------------------------------------X

Hon. Alison J. Nathan, United States District Judge:

        The parties having conferred and the following statements, directions, and agreements are

adopted as their Joint Pretrial Order:

    1.  Full Caption of the Action.

                The full caption of the action is as set forth above.

    2.  Trial Counsel.

                For Plaintiffs:

                Joshua S .Androphy
                Michael Faillace & Associates, P.C.
                One Grand Central Place
                60 East 42nd Street – Suite 4510
                New York, New York 10165
                Telephone (212) 317-1200
                Facsimile (212) 317-1620
                E-mail: jandrophy@faillacelaw.com

                For all Defendants:

Richard R. Leff
 (RL4267)
80-02 Kew Gardens Road
Kew Gardens, New York 11415
Telephone: 718-793-1311
Fax: 718-575-4070
Email: RLEFF@cpc-law.com

3.      Statement of Jurisdiction.

The court has jurisdiction pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1344, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.      Claims and Defenses to be tried.

Plaintiffs allege violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et. seq.* ("FLSA") and the New York Labor Law, §§ 190, *et. seq.*, arising from Defendants' alleged failure to pay plaintiffs the Federal and New York State minimum wage; wages for all hours worked; and time-and-a-half overtime compensation for hours worked in excess of forty (40) per work week.

Under the FLSA and New York Labor Law, employers are required to maintain accurate records establishing the hours worked by their employees. 29 U.S.C. §211(c); New York Labor Law § 196-a; 12 N.Y.C.R.R. § 146-2.1. Plaintiffs contend that the employer failed to keep adequate records in violation of the New York Labor Law, which requires employers to furnish a statement with every payment of wages, providing hours worked for the pay period; hourly rate; gross wages, deductions, and net wages. N.Y. Lab. Law § 195(3); New York Labor Law §195(1) (requiring employers to notify employee of rate of pay and regular pay day.)

The applicable minimum wage under the Fair Labor Standards Act during Plaintiffs' employment at was $7.25 per hour. 29 U.S.C. 206(a)(1) (setting the Federal minimum wage at

$7.25 per hour). The New York minimum wage was $8.00 per hour in 2014. NY Comp. Codes R.

& Regs tit. 12 § 142-2; increased to $8.75 per hour in 2015 and further increased to $9.00 per hour

in 2016.  NYLL §652; *see also* 12 N.Y.C.R.R. 146-1.2.

Although employees who earn gratuities may be paid less than this full minimum wage

under some limited circumstances, an employer's entitlement to a "tip allowance" is not automatic.

Rather, the statutory and regulatory scheme provides for a maximum allowance that can be taken

against an employer's minimum wage obligations, but only if certain conditions are met. *See* NY

Labor Law § 652(4); N.Y. Comp. Codes R. & Regs. tit. 12 §§146-1.3, 146-2.2. In this case,

Plaintiffs alleges defendants failed to meet the necessary conditions: they failed to provide

adequate notice of their intent to pay at the tip credit rate, Plaintiffs' jobs included more than 20%

of time spent on non-tipped word, and Defendants kept portions of tips intended for Plaintiffs.

Neither the employer nor the employee can agree to waive the minimum wage and overtime

requirements of the FLSA. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). A mistaken

belief or misunderstanding of the law is not a valid defense to an FLSA or Labor Law minimum

wage or overtime claim. *Greenberg v. Arsenal Bldg. Corp.*, 144 F.2d 292 (2d Cir. 1944)

Plaintiffs did not receive proper overtime compensation, required by the FLSA and Labor

Law, for work performed on behalf of the Defendants above forty (40) hours per week.  Overtime

is generally defined as any employment in excess of forty (40) hours in a single workweek, 29

U.S.C. § 207(a)(1); New York Labor Law §§ 650 *et. seq.* The FLSA requires an employee to be

compensated at 150% of his regular rate of pay for all hours worked in a workweek over forty (40)

hours

Plaintiffs should have been paid the spread-of-hours premium for any day they worked a

spread of more than ten (10) hours.  The spread of hours premium is found at 12 N.Y.C.R.R. §

146-1.6, which provides that on each day on which the spread of hours exceeds ten (10), an employee *shall* receive one additional hour of pay at the basic minimum hourly rate. 12 N.Y.C.R.R. § 146-1.6(a).

The Labor Law regulations require employers to furnish a statement to employees with every payment of wages listing hours worked, rates paid, gross wages, allowances claimed as part of the minimum wage, deductions, and net wages, before being permitted to take a tip credit. 12 N.Y.C.R.R. § 142-2.7.  Employers are also obligated to maintain and preserve for not less than six (6) years, weekly payroll records that show for each employee allowances claimed as part of the minimum wage. 12 N.Y.C.R.R. § 142-2.6. Plaintiffs allege Defendants failed to satisfy these requirements. Moreover, some records produced by the defendants are believed to be self-serving, false, and fabricated.

Under the FLSA and New York Labor Law, employers are required to maintain accurate records establishing the hours worked by their employees. 29 U.S.C. §211(c); New York Labor Law § 196-a; 12 N.Y.C.R.R. § 146-2.1.  Plaintiffs contend that the employer failure to keep adequate records in violation of the New York Labor Law. N.Y. Lab. Law § 195(3); New York Labor Law §195(1) (requiring employers to notify employee of rate of pay and regular pay day.)

Plaintiffs are entitled to liquidated damaged pursuant to 29 U.S.C. §216(b).  Plaintiffs further contend that under the New York Labor Law, each is entitled to receive liquidated damages of 100% of the employer's underpayments. New York Labor Law §663(1); 198(1-a).

Statutory damages are available for the employer's failure to provide an annual wage notice and for its failure to provide a wage statement with every payment of wages. The failure to provide an accurate annual wage notice entitles each plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand

dollars ($5,000). New York Labor Law § 198(1-b). The failure to provide a weekly wage statement entitles each plaintiff to statutory damaged in the amount of two hundred fifty dollars ($250.00) for each work day the violation occurred, to a maximum of five thousand dollars ($5,000). New York Labor Law §§195(1)(a), (3); 198 (1-d).

Plaintiffs also claim that Defendants withheld portions of their tips in violation of NYLL § 196-d and seek to recover the misappropriated tips and liquidated damages.

Plaintiffs also claim that they were entitled to the cost and expenditures for tools of the trade which they were required to purchase and maintain as part of their employment with the Defendants further reducing their wages in violation of FLSA and N.Y.L.L. 29 USC § 206(a); 29 CFR § 531.35; NY Lab Law §§ 193, 198-b.

Both the FLSA and the NYLL provide for awards of attorneys' fees and costs to plaintiffs who prevail on their claims under those statutes. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.") (emphasis added); N.Y. Lab. Law §§ 198(1-a), 663(1).

Plaintiffs seek prejudgment interest.  *See* N.Y. §198(1-a) N.Y. C.P.L.R. § 5001 McKinney 2007); *Reilly v. NatWest Mkts Group, Inc.*, 181 F.3d 253, 265 (2d Cir. 1999); *Doo Nam Yang v. ACBL Corp.*, 427 F.Supp. 2d 327, 342 (S.D.N.Y. 2005); *Amaya v. Superior Tile and Granite Corp.*, 2012 U.S. Dist. LEXIS 5246 (S.D.N.Y. 2012).  Prejudgment interest may be awarded in addition to liquidated damages.  *Reilly v. Natwest Mkts. Group, Inc.*, 181 F.3d 253, 265 (2d Cir. 1999); *Amaya v. Superior Tile*, 2012 U.S. Dist. LEXIS 5246 at *28-29. (S.D.N.Y. 2012).  Under New York Law, any interest due is computed at a rate of 9% per annum.  N.Y.C.P.L.R. § 5001(b), 5004.  Since the damages are alleged to have occurred at different times, plaintiffs ask the court to

utilize a single intermediate reference point.

The Statute of Limitations under the New York Labor Law is six (6) years. New York Lab. Law §§198(3), 663(3). As such, the time period at issue is six (6) years prior to the filing of the complaint) through the end of plaintiffs' employment.

Plaintiffs claim they were employed, at all relevant times, by Adyar Ananda Bhavan Corp, doing business as Adyar Ananda Bhavan, Antitha Gounder, and Suthan Gounder, individually, as a matter of law.

There are no additional claims previously asserted which are not to be tried.

The Defendants assert that there remains to be tried whether there is sufficient proof as to the allegations of the Plaintiffs, above, as well as whether there is sufficient proof as to any liability of the defendant Suthan Gounder, individually.

The defense raised in the Answer as the "Fourth Affirmative Defense" relating to the gross annual volume of sales will not be tried.

5. Statement of Jury vs. Non-Jury trial.

The case is to be tried without a jury. The parties anticipate one to two (1-2) days.

6. Whether the parties consent to the jurisdiction of a Magistrate Judge.

The parties have not consented to trial by a magistrate judge.

7. Stipulations of fact or law agreed to by all parties.

a. At all times relevant to this action, Adyar Ananda Bhavan Corp. was a domestic corporation, organized and existing under the laws of the State of New York, with a primary address at 1071 First Avenue, New York, New York 10022, and operated a restaurant known as "Adyar Ananda Bhavan at the same address.

   b.  At all times relevant to this action Adyar Ananda Bhavan Corp, Inc. was an "enterprise engaged in commerce" within the meaning of the Federal Fair Labor Standards Act (FLSA), had gross annual revenues in excess of $500,000, used goods produced in or transported in interstate commerce, and the work performed by the plaintiffs was essential to its business. As such, Defendants are subject to the minimum wage and overtime provisions of the Fair Labor Standards Act.

   c.  Each of the Plaintiffs is a former employee of the Defendants.

   d.  Anitha Gounder is an owner of Adyar Ananda Bhavan Corp.

   e.  Anitha Gounder was the manager and supervisor of the Plaintiffs herein and she determined employees' compensation, determined employees' work schedules, calculated employees' time worked, prepared payroll, maintained payroll records , and paid employees of Adyar Ananda Bhavan.

8. Witnesses.

   a.  For Plaintiffs, Plaintiffs reserve their right to call the Defendants as adverse witnesses and/or for impeachment, and any other witness for the purposes of impeachment.

      i.  Miguel Elias Sanchez Gallego

     ii.  Raymundo Vazquez Angel

   b.  For Defendants:

     A.  Anitha Gounder

     B.  Suthan Gounder

9.      Designation of deposition testimony.

        None.

10.     List of Exhibits.

The parties reserve the right to offer additional exhibits, including but not limited to

deposition testimony transcripts, for the purpose of impeachment.

Exhibits listed as P-[number] will be offered by Plaintiffs.  Exhibits listed as D-[letter] will

be offered by Defendants

| Exhibit | Description |
|---------|-------------|
| P-1 | Complaint |
| P-2 | Answer to Complaint |
| P-3 | "Time sheets" produced by Defendants |
| D-A | Work records for Plaintiff Raymundo Vazquez Angel, first page |
| D-B | Work records for Plaintiff Raymundo Vazquez Angel, balance of pages |
| D-C | Work records for Plaintiff Miguel Elias Sanchez Gallego (a/k/a "Miguel) |

11.     Damages calculation

Plaintiffs calculate their damages as follows:


Unpaid minimum and overtime wages:
Miguel Elias Sanchez Gallego: $20,585.50
Raymundo Vazquez Angel:  $47,080.80

Liquidated damages on unpaid minimum and overtime wages:
Miguel Elias Sanchez Gallego: $20,585.50
Raymundo Vazquez Angel:  $47,080.80


Spread of hours:

Miguel Elias Sanchez Gallego: $2,832.21
Raymundo Vazquez Angel:  $5,021.21

Liquidated damages on spread of hours:
Miguel Elias Sanchez Gallego: $2,832.21
Raymundo Vazquez Angel:  $5,021.21

Wage notice:
Miguel Elias Sanchez Gallego: $5,000
Raymundo Vazquez Angel:  $5,000

Wage statement:
Miguel Elias Sanchez Gallego: $5,000
Raymundo Vazquez Angel:  $5,000

Tip Misappropriation:
Miguel Elias Sanchez Gallego: $3,596.79
Raymundo Vazquez Angel:  $4,559.00

Liquidated Damages on Tip Misappropriation:
Miguel Elias Sanchez Gallego: $3,596.79
Raymundo Vazquez Angel:  $4,559.00

**MICHAEL FAILLACE & ASSOCIATES,
P.C.**

By:     /s/ Joshua S. Androphy                   By:      /s/ Richard R. Leff
            Joshua S. Androphy                                    Richard R. Leff
**Attorneys for Plaintiffs**                          **Attorneys for Defendants**
60 East 42nd Street, Suite 4510                80-02 Kew Gardens Road
New York, NY 10165                               Kew Gardens, NY 11415

So-Ordered:   _____