UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Miguel Elias Sanchez Gallego et al.,

    Plaintiffs,

–v–

Adyar Ananda Bhavean Corp., et al.,

    Defendants.



16-CV-4631 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

## I. Background

The Court assumes familiarity with this case, which was the subject of an earlier Opinion & Order issued after a bench trial. *See Gallego v. Adyar Ananda Bhavean Corp.*, No. 16-CV-4631 (AJN), 2018 WL 4735710 (S.D.N.Y. Sept. 30, 2018). In short, Plaintiffs Miguel Elias Sanchez Gallego and Raymundo Vazquez Angel brought this action against their former employer, the Indian restaurant Adyar Ananda Bhavan, which is owned and operated by corporate Defendant Adyar Ananda Bhavan Corp. ("Restaurant Defendant") and managed and supervised by individual Defendant Anitha Gounder ("Owner Defendant"), who owns the corporation. Plaintiffs brought claims under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), §§ 190 *et seq.*

The Court concluded that Plaintiffs had met their burden of proof with respect to their spread of hours claim, their wage and notice statements claim, and some aspects of their claim for unpaid wages. *See Gallego*, 2018 WL 4735710 at *1. Plaintiffs had not met their burden of proof with respect to the remaining claims with the exception of the overtime claim, for which

1

the Court asked for supplemental briefing. *Id.* The Court reserved judgment pending supplemental briefing on the overtime claim, the damages calculation, prejudgment interest, and attorneys' fees and costs. *Id.*

On October 15, 2018, Plaintiffs filed their supplemental brief. Dkt. Nos. 44-47. In their brief, Plaintiffs also asked the Court to reconsider its minimum wage findings. *See* Dkt. No. 45 ("Pl. Br.") at 6-8. On October 26, 2018, Defendants filed their response to Plaintiff's brief. Dkt. No. 48 ("Def. Br.). And on November 5, 2018, Plaintiffs filed a reply memorandum of law. Dkt. No. 49.

The Court now addresses the outstanding issues in this case.

## II. Damages

### A. Tip Credit

The Court first addresses a threshold issue that impacts the overtime damages calculation, and whether Plaintiffs are actually entitled to certain minimum wage damages. Defendants argue that the Court should credit the tip money that Plaintiffs earned to determine whether the proper amount of weekly money, including overtime, was paid to Plaintiffs. Def. Br. at 3. Under the FLSA, "an employer may pay a tipped employee a cash wage that is lower than the statutory minimum wage, provided that, *inter alia*, the cash wage and the employee's tips, taken together, are at least equivalent to the minimum wage." *Hernandez v. Jrpac Inc.*, No. 14-CV-4176 (PAE), 2016 WL 3248493, at *23 (S.D.N.Y. June 9, 2016) (citation and quotation marks omitted); *see Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 240 (2d Cir. 2011). The FLSA provides that the tip credit "shall not apply with respect to any tipped employee unless [1] such employee has been informed by the employer of the [statute's tip credit] provisions, and [2] all tips received by such employee have been retained by the employee." 29 U.S.C. § 203(m). The

"tip credit" provision has been "strictly construed," and "an employer may not take a tip credit unless it complies strictly with both statutory requirements." *Chan v. Sung Yue Tung Corp.*, No. 3-CV-6048 (GEL), 2007 WL 313483, at *17 (S.D.N.Y. Feb. 1, 2007), *abrogated on other grounds by Barenboim v. Starbucks Corp.*, 698 F.3d 104 (2d Cir. 2012). NYLL requires an employer who intends to pay an employee with a tip-credit rate to provide written notice to the employee. 12 NYCRR §§146-1.3; 146-2.2; *see Hernandez*, 2016 WL 3248493, at *25. "An employer that fails to comply with the notice requirements under the NYLL may not utilize the tip credit to satisfy its minimum wage and overtime obligations." *Id.* Defendants are correct that the Court generally did credit Defendants' record of what Plaintiffs were paid in tips. *See Gallego*, 2018 WL 4735710 at *2. However, Defendants provided no evidence at trial that they informed Plaintiffs of their intent to pay them at a tip credit rate. Nor do they make any argument in their briefs that they affirmatively informed Plaintiffs of the tip credit. And, under NYLL, Defendants would have had to have provided Plaintiffs with written notice of the tip credit—and the Court already concluded that Plaintiffs were not provided with wage and notice statements. *Id.* at *7. Accordingly, the Court concludes that the tip credit cannot be applied. The Court now calculates overtime damages, and addresses Plaintiff's motion for reconsideration on the minimum wage calculation, in light of this finding.

**B.     Overtime**

The Court concludes that Mr. Gallego and Mr. Angel are entitled to overtime damages. Under both FLSA and NYLL, an employee must be paid at the rate of one and one-half times the employee's regular hourly rate for each hour the employee works in excess of 40 hours in a given workweek. 29 U.S.C. § 207(a)(2)(C); NYCRR § 146-1.4. Under the FLSA, there is a rebuttable presumption that a weekly salary covers 40 hours worked in a week. *See Hernandez,*

2016 WL 3248493, at *33; *Moon v. Kwon*, 248 F.Supp.2d 201, 207-08 (S.D.N.Y. 2002). And under NYLL, the regular rate for a restaurant employee who is not paid on an hourly basis is determined by "dividing the employee's total weekly earnings, not including exclusions from the regular rate, by the lesser of 40 hours or the actual number of hours worked by that employee during the work week." 12 NYCRR §146-3.5. Accordingly, the Plaintiffs' regular rate of pay is calculated by dividing their weekly pay by 40 hours.[1]

Additionally, "[u]nder both the FLSA and NYLL, all of the time worked during a continuous workday is compensable, save for bona fide meal breaks." *Hernandez*, 2016 WL 3248493, at *27; 29 C.F.R. § 785.19(a) ("Bona fide meal periods are not worktime."). For a break to qualify, the employee "must be completely relieved from duty for the purposes of eating regular meals." *Id.* "Ordinarily 30 minutes or more is long enough for a bona fide meal period," *id.*, but "[r]est periods of short duration, running from 5 minutes to about 20 minutes . . . are customarily paid for as working time [and] must be counted as hours worked." 29 C.F.R. § 785.18. "It is not necessary that an employee be permitted to leave the premises if he is otherwise completely freed from duties during the meal period." 29 C.F.R. § 785.19(b). Under NYLL, "[*w*]*orking time* means . . . time an employee is required to be available for work at a place . . . prescribed by the employer such that the employee is unable to use the time productively for his or her own purpose." 12 NYCRR § 146-3.6.

Accordingly, the Court concludes that Mr. Gallego and Mr. Angel each worked 60 hours per week. This is calculated by multiplying the 10.5 hours they worked per day, 6 days a week,

---

[1] The Court does not need to address whether Defendants have rebutted the presumption under the FLSA that the weekly salary was intended to cover 40 hours of work, and instead should cover the total hours Plaintiffs worked each week. As discussed, under the NYLL, a weekly salary is automatically divided by 40 hours to determine the regular rate of pay. 12 NYCRR §146-3.5. Because a plaintiff cannot recover unpaid wages under each statute, it is unnecessary to calculate these damages under the FLSA, as the NYLL will provide Plaintiffs with a greater recovery.

4

and then subtracting 3 hours per week for the 45 minutes breaks they received 4 days per week. The 15 minute breaks on Saturdays and Sundays are not subtracted. *See Hernandez*, 2016 WL 3248493, at *27. Therefore, Plaintiffs each are entitled to 20 hours of overtime per week. The Court concludes that Plaintiffs are owed the following in overtime damages.

For Mr. Angel:

| Time Period | Weekly Rate Paid | Regular Rate of Pay | Overtime Rate (1.5 times Regular Rate) | Overtime Owed Per Week | Overtime Owed Over Time Period |
|---|---|---|---|---|---|
| 8/6/14-12/1/14 | $325 | $8.125 | $12.1875 | $243.75 | $4,144.75 (17 weeks) |
| 12/2/14-4/22/15 | $350 | $8.75 | $13.125 | $262.50 | $5,250 (20 weeks) |
| 4/23/15-5/19/15 | $375 | $9.375 | $14.0625 | $281.25 | $1,125 (4 weeks) |
| 5/20/15-6/8/16 | $400 | $10 | $15 | $300 | $16,500 (55 weeks) |

Mr. Angel is therefore owed $27,020.75 in overtime. For Mr. Gallego:

| Time Period | Weekly Rate Paid | Regular Rate of Pay | Overtime Rate (1.5 times Regular Rate) | Overtime Owed Per Week | Overtime Owed Over Time Period |
|---|---|---|---|---|---|

5

| 8/14/15-9/17/15 | $325 | $8.125 | $12.1875 | $243.75 | $1,218.75 (5 weeks) |
| 9/18/15-5/14/16 | $350 | $8.75 | $13.125 | $262.50 | $8,925 (34 weeks) |
| 5/15/16-6/7/16 | $400 | $10 | $15 | $300 | $1200 (4 weeks) |

Mr. Gallego is therefore owed $11,343.75 in overtime.

C.   **Minimum Wage**

Plaintiffs ask the Court to reconsider its conclusion that Plaintiffs were paid at least the minimum wage rate each week. Pl. Br. at 6-8. The Court agrees that, in light of its finding on the tip credit, Mr. Gallego is owed minimum wage damages for the August and September 2015 work period. As noted above, between August and September 2015, Mr. Gallego was paid a rate of $8.125 per hour for his regular wages. At that time, under NYLL, the minimum wage was $8.75 an hour. *See Gallego*, 2018 WL 4735710 at *5 (citing NYLL § 652). Mr. Gallego is therefore owed $125 ($0.625 times 40 hours per week times 5 weeks) in minimum wage damages for this time period.

D.   **Spread of Hours**

The Court concluded that Plaintiffs were entitled to spread of hours damages. *See Gallego*, 2018 WL 4735710, at *7. Under NYLL, on each day in which the beginning and end of the workday are more than 10 hours apart, a worker is entitled to "one additional hour of pay at the basic minimum hourly rate." NYCRR § 146-1.6. This provision applies regardless of the employee's hourly salary. *Id.*; *see Tapia v. Blch 3rd Ave. LLC*, No. 14-CV-8529 (AJN), 2016

WL 4581341, at *6 (S.D.N.Y. Sept. 1, 2016), *aff'd sub nom. Tapia v. Blch 3rd Ave LLC*, 906 F.3d 58 (2d Cir. 2018). Accordingly, Plaintiffs are each entitled to the following in spread of hours damages.

For Mr. Angel:

| Time Period | Regular Rate of Pay | Days Worked Per Week | Spread of Hours Owed Per Week | Spread of Hours Owed Over Time Period |
|---|---|---|---|---|
| 8/6/14-12/1/14 | $8.125 | 6 | $48.75 | $828.75 (17 weeks) |
| 12/2/14-4/22/15 | $8.75 | 6 | $52.5 | $1,050 (20 weeks) |
| 4/23/15-5/19/15 | $9.375 | 6 | $56.25 | $225 (4 weeks) |
| 5/20/15-6/8/16 | $10 | 6 | $60 | $3,300 (55 weeks) |

Mr. Angel is therefore owed $5,403.75 in spread of hours damages. For Mr. Gallego:

| Time Period | Regular Rate of Pay | Days Worked Per Week | Spread of Hours Owed Per Week | Spread of Hours Owed Over Owed Over Time Period |
|---|---|---|---|---|
| 8/14/15-9/17/15 | $8.125 | 6 | $48.75 | $243.75 (5 weeks) |
| 9/18/15-5/14/16 | $8.75 | 6 | $52.5 | $1,785 (34 |

7

| | | | | weeks) |
|---|---|---|---|---|
| 5/15/16-6/7/16 | $10 | 6 | $60 | $240 (4 weeks) |

Mr. Gallego is therefore owed $2,268.75 in spread of hours damages.

E.  **Liquidated Damages**

The Court concluded that Plaintiffs were also entitled to one set of liquidated damages for unpaid overtime and minimum wages. *Gallego*, 2018 WL 4735710, at *8; *see also Tapia v. Blch 3rd Ave LLC*, 906 F.3d 58, 61 (2d Cir. 2018) (concluding it is appropriate to award only one set of liquidated damages under the FLSA and NYLL). Therefore, Mr. Angel is entitled to $32,424.50 ($27,020.75 plus $5,403.75) in liquidated damages, and Mr. Gallego is entitled to $13,737.50 ($11,343.75 plus $125 plus $2,268.75) in liquidated damages.

F.  **Wage and Notice Statements**

The Court concluded that Plaintiffs were entitled to two forms of statutory damages. *See Gallego*, 2018 WL 4735710, at *7. During the relevant period, NYLL § 195(1)(a) required employers to provide employees with notices informing them of their rate of pay at the time of hiring and on or before February 1 of each subsequent year of employment. An employee who does not receive a wage notice within 10 business days of his first day of employment is entitled to recover $50 for each week of work that the violations occurred, up to a maximum of $5,000. NYLL § 198(1-b) (eff. Apr. 9, 2011 to Feb. 27, 2015); *Perez v. Platinum Plaza 400 Cleaners, Inc.*, No. 12-CV-9353 (PAC), 2015 WL 1881080, at *4 (S.D.N.Y. Apr. 24, 2015) (citing 2014 N.Y. Sess. Laws Ch. 537 (A.8106-C) (McKinney's), amending NYLL § 198(1-b) to allow for $50 per day with a cap of $5,000). Accordingly, Mr. Angel is entitled to $5,000 ($50 a week for a maximum of 100 weeks), and Mr. Gallego is entitled to $2,150 ($50 times 43 weeks) under this

provision.

A second provision, NYLL § 195(3), required employers to provide employees with a wage statement with each payment of wages. An employee who does not receive such statements can recover $100 per day of violation, up to a maximum of $5,000. NYLL §198(1-d). Accordingly, Mr. Gallego and Mr. Angel are each entitled to $5,000 under this provision.

### G. Prejudgment Interest

Under the NYLL, the Court must award prejudgment interest in addition to liquidated damages. NYLL §198(1-a) ("In any action instituted in the courts upon a wage claim by an employee . . . in which the employee prevails, the court shall allow such employee to recover . . . prejudgment interest as required under the civil practice law and rules, and . . . an additional amount as liquidated damages . . ."); §663(1) (same). The New York prejudgment interest rate applies. *McLean v. Garage Mgmt. Corp.*, 2012 U.S. Dist. LEXIS 55425, *28, 2012 WL 1358739 (S.D.N.Y. April 19, 2012). Under N.Y. C.P.L.R. § 5004, prejudgment interest runs at the rate of nine percent (9%) per annum simple interest. *Id.*

When claims that are reduced to judgment have arisen on different dates, the Court may compute prejudgment interest from an appropriate single median date. *See McLean v. Garage Mgmt. Corp.*, No. 9-CV-9325 (DLC), 2012 WL 1358739, at *11 (S.D.N.Y. Apr. 19, 2012) ("prejudgment interest on the plaintiffs' NYLL unpaid overtime wage damages shall be computed at a rate of nine (9) percent per annum from a single reasonable intermediate date"). Thus, prejudgment interest on Plaintiffs' back pay awards should be computed from the median of each relevant period to the date of judgment. For Mr. Angel, it should be calculated from July 8, 2015. And for Mr. Gallego it should be calculated from August 14, 2015.

## III. Attorneys' Fees

9

### A. Legal Standard

"Reasonable attorney's fees and costs are awarded as a matter of right to a prevailing plaintiff in an action under the FLSA or NYLL." *Francois v. Mazer*, 523 F. App'x 28, 29 (2d Cir. 2013) (citing 29 U.S.C. § 216(b); NYLL §§ 198(1–a), 663(1)); *see also Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 323 (S.D.N.Y. 2014). The FLSA provides that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Similarly, NYLL provides that "[i]n any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover . . . all reasonable attorney's fees." NYLL § 198(1-a).

To determine the amount of attorney's fees that should be awarded, a court must calculate the "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008); *Quiroz v. Luigi's Dolceria, Inc.*, No. 14-CV-871 (VVP), 2016 WL 6311868, at *1 (E.D.N.Y. Oct. 28, 2016). "[T]he 'presumptively reasonable fee' . . . is generally arrived at by multiplying 'the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'" *Gortat v. Capala Brothers, Inc.*, 621 F. App'x 19, 22 (2d Cir. 2015) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The Court should also examine whether there are other "case-specific considerations" that warrant an adjustment. *See Arbor Hills*, 522 F.3d at 186; *Sevilla v. Nekasa Inc.*, No. 16-CV-2368 (AJP), 2017 WL 1185572, at *2 (S.D.N.Y. Mar. 30, 2017). Overall, a "reasonable" fee is one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious [FLSA] case." *Sevilla*, 2017 WL 1185572, at *3 (quoting *Perdue v. Kenny A.*, 559

U.S. 542, 551-53 (2010)); *see also Gortat*, 621 F. App'x at 22; *Arbor Hills*, 522 F.3d at 190. "An application for attorneys fees in this Circuit must be accompanied by contemporaneous billing records for each attorney documenting the date, the hours expended, and the nature of the work." *Quiroz*, 2016 WL 6311868, at *2 (citing *Scott v. City of New York*, 643 F.3d 56, 57 (2d Cir. 2011)).

Plaintiffs have submitted contemporaneous billing records reflecting the work of two lawyers — Michael Faillace (a partner), Joshua Androphy (a senior associate). The firm that represented Plaintiffs in this case, Michael Faillace & Associates, P.C., billed hourly rates at $450 for Mr. Faillace, and $400 for Mr. Androphy. *Id.* These records reflect that Plaintiffs' attorneys spent 52.60 hours on the case and billed, in total, $21,260, and incurred $1,635.40 in costs. Dkt. No. 49 at 3; Dkt. No. 49-1 at 1-4. Defendants do not oppose any of Plaintiffs' motion for attorneys' fees and costs, merely noting that they "leave the proprietary of the request to the sound discretion of this Court." Def. Br. at 4. The Court now turns to examining whether the hours and work reflected in these records are reasonable.

### B. The Hourly Rates Are Excessive

In calculating the presumptively reasonable fee, the Court should examine whether the hourly rates billed by Plaintiffs' counsel are reasonable. *See Gortat*, 621 F. App'x at 22. A "reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hills*, 522 F.3d at 190. The Court concludes that the hourly rates for the attorneys should be reduced.

Courts in this Circuit have repeatedly described the hourly rates requested here as "excessive" or "high." *See, e.g., Tapia v. Blch 3rd Ave. LLC*, No. 14-CV-8529 (AJN), Dkt. No. 101 at 5-7; *Sevilla*, 2017 WL 1185572, at *5 (finding Mr. Faillace's $450 requested hourly rate "excessive"); *Lopez v. SGRA Corp.*, No. CV 2014-5225 (SJ) (MDG), 2016 WL 8711350, at *10

(E.D.N.Y. Mar. 31, 2016) ("The hourly rate of $450 sought by plaintiff for Mr. Faillace and $400 for Mr. Androphy's work are above the general range of rates received by similarly experienced attorneys in this district."); *Gonzalez v. Jane Roe Inc.*, No. 10 CV 1000(NGG)(RML), 2015 WL 4662490, at *6 (E.D.N.Y. July 15, 2015) ("Here, plaintiff has requested an hourly rate of $450 for Mr. Faillace, who has been the Managing Member of Michael Faillace & Associates, P.C. since 1983, and $400 for associate Joshua S. Androphy . . . '[T]hose rates are excessive.").

As this case presented relatively straightforward FLSA and NYLL issues, the Court finds a reduction of the requested hourly rates appropriate. *See Watkins v. Smith*, No. 12-cv-4635 (DLC), 2015 WL 476867, at *3 (S.D.N.Y. Feb. 5, 2015) ("Rates generally fall to the lower end of the spectrum . . . when the case presents only straightforward issues."); *cf. Najera*, 2017 WL 728703, at *2 (approving hourly rates at the higher end of the spectrum given "the complexity of th[e] litigation and the favorable results obtained").

In accordance with the rates generally approved of by other district courts in this Circuit, the Court reduces Mr. Faillace's rate to $400 per hour and Mr. Androphy's rate to $350 per hour. *See Tapia v. Blch 3rd Ave. LLC*, No. 14-CV-8529 (AJN), Dkt. No. 101 at n.2, n.3 (collecting cases).

### C. The Hours Expended is Reasonable

Next, the Court analyzes "whether the amount of hours billed is reasonable." *Sevilla*, 2017 WL 1185572, at *6. "A court has broad discretion to 'trim the fat' in an application for attorneys' fees, and to eliminate excessive or duplicative hours." *Quiroz*, 2016 WL 6311868, at *3 (citing *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d. Cir. 1988)). "The critical inquiry is whether, at the time the work was performed, a reasonable attorney would have engaged in

similar time expenditures." *Sevilla*, 2017 WL 1185572, at *6 (citations and quotation marks omitted). Here, Plaintiffs seek reimbursement for 52.60 hours litigating this case. Dkt. No. 49-1 at 1-4. Mr. Faillace worked for 4.4 hours on the case, and Mr. Androphy worked for 48.2 hours on the case. *See id.* The tasks completed by Plaintiffs' counsel include, *inter alia*, preparing the complaint, preparing and reviewing discovery, conducting depositions, engaging in settlement discussions, prepping witnesses for trial, and the trial itself. *See id.* Given all of this, the Court finds the requested hours reasonable. *See Tapia v. Blch 3rd Ave. LLC*, No. 14-CV-8529 (AJN), Dkt. No. 101 at 7-9 (collecting cases with comparable tasks and approval of comparable attorneys' fees).

### D. Reasonable Costs

Plaintiffs seek $1,635.40 in costs. Dkt. No. 49 at 3; Dkt. No. 49-1 at 1-4. These costs include a $400 filing fee, $40 in service fees, $495.40 in deposition fees, and $700 in interpreter fees. *See* Dkt. No. 49-1 at 1-4. The Court finds the requested costs reasonable and supported by the record. *See Tapia v. Blch 3rd Ave. LLC*, No. 14-CV-8529 (AJN), Dkt. No. 101 at 9; *Hernandez*, 2017 WL 66325, at *2; *Febus v. Guardian First Funding Group, LLC*, 870 F. Supp. 2d 337, 341 (S.D.N.Y. 2012).

The Court therefore concludes that Plaintiffs are entitled to $1,635.40 in costs, and $18,630 in attorneys' fees (4.4 hours times $400, plus 48.2 hours times $350).

## IV. Conclusion

For the foregoing reasons, the Court awards $27,020.75 in overtime damages for Plaintiff Angel, $11,343.75 in overtime damages for Plaintiff Gallego, $125 in minimum wage damages for Plaintiff Gallego, $5,403.75 in spread of hours damages for Plaintiff Angel, $2,268.75 in spread of hours damages for Plaintiff Gallego, $32,424.50 in liquidated damages for Plaintiff

Angel, $13,737.50 in liquidated damages for Plaintiff Gallego, $10,000 in statutory damages for Plaintiff Angel, $7,150 in statutory damages for Plaintiff Gallego, $1,635.40 in costs, and $18,630 in attorneys' fees. The Court awards prejudgment interest at the rate of nine percent (9%) per annum simple interest. For Plaintiff Angel, the prejudgment interest should be calculated from July 8, 2015. And for Plaintiff Gallego, the prejudgment interest should be calculated from August 14, 2015. Pursuant to NYLL, the Court holds that "if any amounts [of damages awarded under the NYLL] remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." NYLL § 198(4). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

Dated: January 6, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge